UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

Case No.: _____

CIRA ARCAUTE,

      Plaintiff,

Vs.

TCB FLORIDA, INC. a/k/a TCB SOUTH FLORIDA II, INC., a Delaware Corporation;
BOOBY TRAP, INC., a Florida Corporation; and
P.T.G. ENTERTAINMENT, INC., a Florida Corporation
d/b/a BOOBY TRAP

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CIRA ARCAUTE, by and through her undersigned counsel, sues the Defendants, TCB FLORIDA, INC. a/k/a TCB SOUTH FLORIDA II, INC., BOOBY TRAP, INC., and P.T.G. ENTERTAINMENT, INC. d/b/a BOOBY TRAP, and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages and to remedy violations of the rights of CIRA ARCAUTE, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760" or the "FCRA"), 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., to redress injuries done to her by the Defendants, TCB FLORIDA, INC. a/k/a TCB SOUTH FLORIDA II, INC., BOOBY TRAP, INC., and P.T.G. ENTERTAINMENT, INC. d/b/a BOOBY TRAP.

2.     At all material times hereto, Plaintiff was a resident of Broward County, Florida and is *sui juris*.

3.      Defendant, TCB FLORIDA, INC. a/k/a TCB SOUTH FLORIDA II, INC. ("TCB"), is a for profit corporation, registered to do business in Florida, with its sole location in Broward County, Florida.

4.      Defendant, BOOBY TRAP, INC. ("BTI"), is a Florida for profit corporation, registered to do business in Florida, with its sole location in Broward County, Florida.

5.      Defendant, P.T.G. ENTERTAINMENT, INC. d/b/a BOOBY TRAP ("PTG"), is a for profit corporation, registered to do business in Florida, with its sole location in Broward County, Florida.

6.      Venue is proper in this Court because Plaintiff was a resident of Broward County, Florida, at the time the dispute arose, the Defendants operate in Broward County, Florida, and the events giving rise to Plaintiff's claims occurred within Broward County, Florida.

7.      As a woman, Plaintiff is a member of a protected class under Title VII and Chapter 760, because the terms, conditions, and privileges of her employment were altered because of her gender.

8.      Defendant TCB is a private company and at all material times hereto, was Plaintiff's employer as defined by law.

9.      Defendant BTI is a private company and at all material times hereto, was Plaintiff's employer as defined by law.

10.     Defendant PTG is a private company and at all material times hereto, was Plaintiff's employer as defined by law.

11.     Defendant TCB has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and Chapter 760 (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

12.     Defendant TCB has, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADEA and Fla. Stat. § 760.02(7)).

13.     Defendant BTI has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and Chapter 760 (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

14.     Defendant BTI has, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADEA and Fla. Stat. § 760.02(7)).

15.     Defendant PTG has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and Chapter 760 (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

16.     Defendant PTG has, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADEA and Fla. Stat. § 760.02(7)).

17.     Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendants with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

18.     Plaintiff's charge was filed within 180 days after the first instance of discrimination occurred.

19.     Plaintiff was issued a Notice of Right to Sue on November 17, 2021. This suit is filed in accordance with that Notice and within the applicable ninety (90) day limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

20.     Plaintiff began working for Defendant in 2002 as a bartender.  As a bartender, Plaintiff's job duties included preparing drinks for customers and maintaining the bar.

21.     Plaintiff was qualified for her position as a bartender by virtue of her training and experience.

22.     Plaintiff had no history of customer complaints or disciplinary action at work. Her performance remained exemplary during her 20-year career with Defendants.

23.     On December 16, 2020, Defendant unlawfully terminated by removing her from the schedule and not giving any more shifts.

24.     At the time of her termination, Defendants, through their on-duty manager, Gio, advised Plaintiff that Defendants were terminating her employment because she was older than the other bartenders and did not "twerk." Gio stated they wanted to "try out a younger bartender."

25.     The overwhelming majority of the women employed by Defendants are between 19 and 39 years of age. Plaintiff was 48 years old at the time of her unlawful termination.

26.     Plaintiff complained to Defendants that the termination was discriminatory but Defendants failed to respond to her complaint.

27.     Defendants replaced Plaintiff with a bartender who was more than 20 years younger than her

28.     Plaintiff has engaged the services of the undersigned attorneys and is entitled to recover her attorney's fees from Defendants.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Against all Defendants)**
**(Discrimination on the Basis of Gender)**

29.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

30.     Plaintiff brings this action under Title VII for damages caused by Defendants' unlawful employment practices committed against Plaintiff because Defendants discriminated against Plaintiff on the basis of her gender, female.

31.     Manager Gio, at all material times hereto, was acting within the course and scope of his employment as manager for the Defendants.

32.     Because Plaintiff is a female, Defendants discriminated against her and refused to take any action to prevent the discrimination.

33.     Upon information and belief, similarly situated male employees are not treated in the same manner, such as being required to "twerk," as Defendants treated Plaintiff.

34.     Defendants engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII which resulted in Defendants discriminating against Plaintiff.

35.     Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII.

36.     Plaintiff, based on information and belief, alleges that Defendants; actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendants, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, and emotional pain and suffering caused by Defendants'

discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of The Civil Rights Act of 1964, §706(g); punitive damages, attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Against all Defendants)**
**(Discrimination on the Basis of Gender)**

37.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

38.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

39.     Plaintiff is a female, and therefore a member of a protected class.

40.     Manager Gio, at all material times hereto, was acting within the course and scope of his employment as manager for the Defendants.

41.     Because Plaintiff is a female, Defendants discriminated against her and refused to take any action to prevent the discrimination.

42.     Upon information and belief, similarly situated male employees are not treated in the same manner, such as being required to "twerk," as Defendants treated Plaintiff.

43.     At all relevant and material times, Defendants failed to comply with the FCRA.

44.     The discrimination of Plaintiff by Defendants was caused by Defendants being aware that Plaintiff is a female.

45.     At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendants were aware that Plaintiff was a female.

46.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendants.

47.     The failure of Defendants to adhere to the mandates of the FCRA was willful and their violations of the provisions of the FCRA were willful.

48.     Defendants, through their practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her being a female in violation of the FCRA with respect to their decision to treat Plaintiff differently from other employees.

49.     Defendants' treatment of Plaintiff was directly and proximately caused by Defendants' unjustified discrimination against Plaintiff because she is a female, in violation of the FCRA.

50.     Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendants is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being a female. Defendants' actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her gender.

51.     As a direct and proximate result of Defendants' intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendants for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety,

humiliation, and emotional distress, punitive damages, prejudgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
### (Against all Defendants)

52.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

53.     Plaintiff began employment with Defendants in 2002 and was terminated in 2020 at the age of 48.

54.     Plaintiff was expressly advised that Defendants terminated her because of her age and because they wanted to hire a younger woman.

55.     Defendants replaced Plaintiff with a younger woman.

56.     Defendants' conduct in discriminating against Plaintiff was willful.

57.     As a direct and proximate result of the Defendants' conduct that violated 29 U.S.C. §621, et seq., Plaintiff has suffered damages.

WHEREFORE Plaintiff hereby requests this Court enter judgment against the Defendants for all wages and benefits the Plaintiff would have received but for the discrimination, liquidated damages, prejudgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Against all Defendants)
### (Discrimination on the Basis of Age)

58.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

59.     The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

60.     Plaintiff is older, and therefore a member of a protected class.

61.     Manager Gio, at all material times hereto, was acting within the course and scope of his employment as manager for the Defendants.

62.     Because Plaintiff was 48 at the time of her unlawful termination, Defendants discriminated against her and refused to take any action to prevent the discrimination.

63.     Upon information and belief, similarly situated younger employees are not treated in the same manner as Defendants treated Plaintiff.

64.     At all relevant and material times, Defendants failed to comply with the FCRA.

65.     The discrimination of Plaintiff by Defendants was caused by Defendants being aware that Plaintiff is over the age of 40.

66.     At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendants were aware that Plaintiff was 48 years old.

67.     At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendants.

68.     The failure of Defendants to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

69.     Defendants, through their practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on

account of her being a female in violation of the FCRA with respect to their decision to treat Plaintiff differently from other employees.

70.     Defendants' treatment of Plaintiff was directly and proximately caused by Defendants' unjustified discrimination against Plaintiff because she was 48 years old at the time of her unlawful termination, in violation of the FCRA.

71.     Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendants is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being 48 years old at the time of her unlawful termination. Defendants' actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her age.

72.     As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE Plaintiff hereby requests this Court enter judgment against the Defendants for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, prejudgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 15th day of February, 2022.

By:  _/s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196

Michelle@CohenLevyLegal.com
Counsel for Plaintiff